1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9

JESSICA YANNY AND CLANCY
MOODY,

NO.

10

Plaintiffs,

**COMPLAINT FOR VIOLATIONS OF 15
U.S.C. § 1692 ET SEQ. AND RCW
CHAPTERS 19.16 AND 19.86 ET SEQ.**

11

vs.

12

13

GRIMM COLLECTIONS and
LANDMARK CREDIT UNION,

14

Defendants.

15

16

COME NOW Plaintiffs, Jessica Yanny and Clancy Moody, by and through counsel, who

17

allege:

18

1.     **PARTIES AND JURISDICTION**

19

1.     Plaintiffs Jessica Yanny and Clancy Moody are a married couple who reside in

20

Washington State.

21

2.     Defendant Grimm Collections ("Grimm") is a pseudonym of Account Managers,

22

Inc., a Washington corporation, UBI no. 342-009-109, and is a debt collector and collection

23

agency doing business in Washington, and who attempted to collect an alleged debt from the

Complaint - 1

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

1  Plaintiffs.  Grimm's registered agent is identified as The O'Meara Law office, located at 1602

2  Virginia Ave, Everett, WA, 98201.

3      3.      Defendant Landmark Credit Union ("Landmark") is a Wisconsin-based credit

4  union doing business primarily in Wisconsin and Illinois, and who retained an agent (Grimm) to

5  pursue Plaintiffs in Washington State on a purported civil judgment, thus availing itself of

6  Washington's laws and legal system in doing so.  Landmark's main office is located at 555 S.

7  Executive Dr., Brookfield, WI 53005.  Landmark reports having over six billion dollars in assets.

8      4.      Jurisdiction over Defendants is proper as Defendants are doing business in

9  Washington State, availing themselves of the laws and court system in Washington State, and

10 venue is appropriate in King County, Washington where Ms. Yanny's wages were garnished by

11 Defendants.

## II.    FACTS

13     5.      Plaintiff Jessica Yanny is a critical care registered nurse who, along with her

14 husband Clancy Moody – an armed services veteran – moved to Washington in 2013 (from

15 Wisconsin).  Newly married at the time, Plaintiffs bought a home in University Place,

16 Washington, where they have resided continuously since October 2013.

17     6.      Ultimately, Plaintiffs were astonished when, exactly one decade later (October

18 2023), Ms. Yanny's wages were garnished by a debt collector (Grimm) on behalf of Landmark.

19 Plaintiffs had no knowledge of any lawsuit or garnishment proceedings and began to investigate

20 what had happened.

### The Landmark Credit Union Account and 2016 Repo

22     7.      For many years, Ms. Yanny was a member of Landmark Credit Union, where she

23 had a vehicle loan from approximately 2009, when she still lived in Wisconsin.  Eventually, a

Complaint - 2

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

dispute developed wherein Landmark believed that Ms. Yanny still owed money on her loan. Ms. Yanny, who had been the victim of identity theft by a woman who bore the same name as hers, had a difficult time untangling a few matters, and suspected this may be one of them.

8.      At some point in 2016, Plaintiffs became aware that Landmark still believed a debt was owed.  Ms. Yanny engaged in several phone calls with landmark, but was eventually hung up on, and Landmark refused to return further calls.  At least one Landmark employee stated that there was no record of Ms. Yanny having any overdue accounts.  To sort out the issue, Plaintiffs briefly engaged an attorney in Seattle to discuss the matter with Landmark.

9.      In June and July of 2016, Plaintiffs' then-attorney initiated discussions with Landmark.  As part of these discussions, Plaintiffs provided information to Landmark, including their physical address in University Place.

10.     On July 28, 2016, Plaintiffs discovered that Ms. Yanny's car was missing.  It was eventually determined that Landmark had repossessed the vehicle.  This caused a transportation problem for Ms. Yanny – a nurse at a hospital – who needed to drive to work.

11.     Plaintiffs were at a loss on how to proceed; while in discussions with Landmark to determine the nature of the supposed debt, Landmark sidestepped the process and repossessed the vehicle.  Very little paperwork was ever provided to Plaintiffs concerning subsequent events, such as the vehicle's auction, or how much was supposedly owed before (or after) the repossession.

12.     As Plaintiffs heard nothing further from Landmark, they concluded the relationship with their then-attorney and awaited further contact from Landmark, given that Landmark never meaningfully responded to any inquiries from them or their counsel, and Landmark now possessed all collateral to which it could have ever been entitled.

Complaint - 3

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

### Landmark's 2017 Wisconsin Lawsuit

13.    Unbeknownst to Plaintiffs at the time, in June 2017, Landmark initiated a collection lawsuit in Wisconsin against Ms. Yanny, claiming two separate accounts were unpaid and owing.

14.    The choice of Wisconsin for such a lawsuit was interesting, given that:

   a.   Ms. Yanny had resided exclusively in Washington State since 2013;

   b.   Landmark had received correspondence in 2016 from Ms. Yanny's attorney, who was located in Seattle, Washington;

   c.   Landmark had received paperwork and information from Ms. Yanny in 2016 indicating her residential address in University Place, Washington; and

   d.   Landmark chose to repossess Ms. Yanny's vehicle from her residence in University Place, Washington (and, presumably, sold the vehicle at auction somewhere geographically nearby).

15.    Landmark attempted to serve the lawsuit, oddly, on Ms. Yanny's former address in Wisconsin (where she had not resided since 2012).

16.    According to court documents, Landmark attempted to serve Ms. Yanny at that invalid Wisconsin address no fewer than *eight times* in July 2017, after which the tenant placed a phone call to the process server to inform them that she did not know Ms. Yanny, other than indications that she was a prior tenant at that address.

17.    Undeterred by logic or common sense, Landmark placed an advertisement for publication in The Daily Reporter, a Milwaukee publication for "construction, real estate, and development news."  It does not appear that any court order was obtained to do so.

18.    For good measure, Landmark also placed a copy of the summons and complaint

Complaint - 4

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

1   in the mail, directed to the same Wisconsin address where Landmark had been specifically

2   informed Ms. Yanny did not live.

3       19.    In any event, Landmark moved for and obtained a default judgment, providing

4   only the current balance – and no calculations of any payments or credits – of the amounts

5   claimed to be owed, resulting in an October 30, 2017 judgment in the amount of $13,416.81.

6   **Landmark Hires Grimm Collections in Washington State**

7       20.    At some point in late 2022 or early 2023, Landmark – somehow unable to locate

8   Ms. Yanny in Wisconsin – retained Grimm Collections to domesticate its judgment, which, on

9   March 2, 2023, it did so, in Pierce County Superior Court case no. 23-2-051-25-0.

10      21.    As part of this transaction, Landmark filed a "Declaration of Filing Foreign

11  Judgment" wherein its attorney asserted that the last known address for Ms. Yanny was –

12  surprisingly – her address in University Place, Washington, where she had resided for the last

13  decade.  It is not clear for how long Landmark knew this to be Ms. Yanny's last-known address.

14      22.    The judgment itself, entitled "Foreign Judgment," correctly recited the principal

15  as $13,416.81 and the interest appeared correct at $3,678.23 at the judgment rate of 5.25%.  The

16  author of this document was the same lawyer who claimed to represent Landmark (in the

17  preceding document), but the footer of the document indicated "Grimm Collections."  In any

18  event, the principal and interest were added together, along with other fees, resulting in a "total

19  judgment as of 1/19/23" of $17,535.04.  The preceding Declaration and the Foreign Judgment

20  are attached as **Exhibit A.**

21      23.    Grimm Collections then began attempting to collect on the judgment on

22  Landmark's behalf, first issuing a garnishment to an employer where Ms. Yanny did not work,

23  and ultimately issuing the garnishment which Ms. Yanny received in October 2023.

Complaint - 5

**ANDERSON | SANTIAGO**
207B Sunset Blvd N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

24.     In the declaration for garnishment, Grimm stated that the per diem interest was $2.62, and thus that during the 60 days of the garnishment, the total interest would be $157.20 ($2.62 x 60).  Mathematically, however, simple interest (which is the law in Washington) is calculated on the judgment principal alone -- in this case, $13,416.81.  At 5.25% interest, the correct per diem interest amount would be $1.93.  In short, Grimm/Landmark sought roughly thirty percent more interest than they would otherwise be entitled to assess.

25.     In its unsuccessful garnishment in mid-2023, Grimm/Landmark asserted, in a June 15, 2023 Application for Writ of Garnishment, that the "amount due" from Ms. Yanny was actually $16,890.33 "plus interest and estimated garnishment costs as indicated in the writ." That June 2023 writ of garnishment curiously calculated interest from October 26, 2022, which was an unusual starting date given that the judgment was not domesticated until March 2023.  A copy of both declarations for garnishment and writs of garnishment are attached as **Exhibit B**.

26.     In any event, it was clear that Defendants charged and sought to collect compound interest, not simple interest, seeking to add interest to the total balance of principal and interest as of January 2023 (the date when the domestication of judgment documents were prepared).

27.     [Of course, even if this interest-on-interest were somehow otherwise permitted by the Uniform Enforcement of Foreign Judgments Act, such an occurrence was only made possible by Landmark's deliberate filing and non-service of a lawsuit in a state in which it knew Ms. Yanny had not lived for many years.]

### Plaintiffs Request, In Writing, That Defendants Do The Right Thing

28.     Having done what little investigation was possible for Plaintiffs, who are not lawyers, Plaintiffs understood that Landmark had caused this entire problem (culminating in the 2023 garnishment) by initiating its lawsuit in Wisconsin, despite several forms of actual

Complaint - 6

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

1    knowledge that Ms. Yanny had not lived there for many years.

2        29.    On December 16, 2023, Ms. Yanny wrote letters to Landmark, Grimm, their

3    lawyers, and anyone else involved – five letters in total – wherein she politely explained that she

4    had resided in Washington since 2013 and therefore the Wisconsin judgment was ineffective (in

5    other words, void) because she had never been served.  To these letters, Ms. Yanny attached

6    several documents, including:

7            a.    A copy of her nursing license verification in Washington State from 2013;

8            b.    Her Washington driver's license;

9            c.    Her husband's military discharge paperwork from 2015, listing their Washington

10                address;

11           d.    Tax records for her property in Washington.

12       30.    Each of the five letters were sent by certified mail from the post office directly.

13       31.    The purpose of the letters was to simply resolve the matter without further

14   expenditure of resources.  Ms. Yanny just wanted her day in court and an opportunity to defend

15   herself – or at the very least, learn why she supposedly owed money.  These were legitimate

16   concerns, considering the collection lawsuit did not indicate the reduction of a single dollar in the

17   balance, despite the repossession of a vehicle in very good condition.

18       32.    Of the five recipients of the letters, only one – Grimm Collections – even

19   bothered to acknowledge Ms. Yanny's existence.

20       33.    Grimm's response, however, was more confusing than a lack of response.  Grimm

21   included a document entitled "itemization" which conflicted in many respects with other

22   documents, such as listing the "total due" as $18,521.48 as of December 28, 2023, but claiming

23   only $29.85 of that amount was comprised of interest, and that the "date of referral" was March

Complaint - 7

14, 2023, which is at odds with Grimm's court filings from before that date (including the March 2, 2023 filing which included the receipt for filing fee paid by Grimm Collections). A copy of Grimm's December 28, 2023 letter is attached as **Exhibit C**.

34.     Confusingly, a second "itemization" document listed the "acct bal" as $17,887.74, also as of December 28, 2023.

35.     The cover letter to these two documents stated: "For your convenience, we have included all interest paid last year and this current year to date." This made little sense.

36.     Lastly, Grimm's letter included the original Wisconsin judgment, but no reference to the domesticated judgment in Washington State.

## Plaintiffs, Out of Options, Sought Counsel

37.     Despite going through the effort of determining why they were being garnished and why Landmark chose to ignore everything in its files and sue Ms. Yanny in Wisconsin, rather than where she lived and where Landmark knew she lived, Plaintiffs were no closer to any resolution. Defendants clearly intended to charge heightened interest and continue garnishing Ms. Yanny's paychecks without any comment.

38.     In Washington State, of course, wages are community property as they are earned. Thus, particularly through garnishments, Defendants sought to collect, and did collect, money from Jessica Yanny and Clancy Moody, who had been married for over 10 years.

39.     What was most dismaying to Plaintiffs was that despite Ms. Yanny's efforts to correct the situation, by providing every piece of information from which Defendants could plainly see that their judgment was void and that she had never, in any sense of the word, been served with any lawsuit, Defendants chose to ignore her in favor of persisting with the garnishment. Landmark was being given a second chance to do things right (the first chance

Complaint - 8

**ANDERSON|SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

being when they were voluntarily provided with Plaintiffs' address in 2016) and yet had no interest in doing so.

40. Thus, without any other options, Plaintiffs sought counsel to determine their legal rights and responsibilities.

41. As a result of Defendants' actions detailed above, Plaintiffs have incurred expenses in seeking and retaining counsel in connection with ascertaining their legal rights and responsibilities, and have suffered financial uncertainty, unease, and distress caused by Defendants' tactics and communications, which are false, misleading, improper, and/or confusing.

## III.   CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

42. With respect to the alleged debt, Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3) and Defendant Grimm is a debt collector as defined by 15 U.S.C. § 1692a(6).

43. With respect to the alleged debt, Plaintiffs are "debtors" as defined by RCW 19.16.100(8) and Defendant Grimm is a collection agency as defined by RCW 19.16.100(4).

44. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

### Count 1 (and all subcounts) – as to Defendant Grimm

45. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2); *see also* § 1692e(10) (further prohibiting false representations and/or deceptive activities).

Complaint - 9

ANDERSON|SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

46.     Defendant Grimm used numerous false, deceptive, or misleading representations or means, including but not limited to:

a.  Imposing interest upon interest, instead of simple interest on the judgment;

b.  Persisting with its collection efforts despite being provided actual knowledge that the judgment was void;

c.  Representing varying amounts as being owed in its garnishment efforts, as described in paragraphs 24 and 25, *supra*;

d.   Representing varying amounts as being owed in its December 28, 2023 letter, as described in paragraphs 33-36, *supra*.

47.     Therefore, Defendant Grimm violated 15 U.S.C. § 1692e and/or § 1692e(2)/e(10).

**Count 2 (and all subcounts) – as to Defendant Grimm**

48.     A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

49.     Plaintiffs reallege the allegations in Count 1, *supra*.

50.     For the above-stated reasons, Defendant Grimm therefore violated 15 U.S.C. § 1692f on multiple occasions.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

51.     Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

52.     Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 10

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

53.     Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

54.     Lastly, FDCPA violations separately constitute "per se" violations of the CPA. (For ease of reference, Plaintiff will not reallege each claim multiple times.  Nevertheless, this is yet another basis for CPA liability.)

## Count 3 – as to Defendant Grimm

55.     A collection agency may not collect or attempt to collect any sum other than principal, allowable interest, collection costs or handling fees expressly authorized by statute, and in the case of suit attorney's fees and taxable court costs.  RCW 19.16.250(21).

56.     Here, Defendant collected and attempted to collect money from Plaintiffs that they did not owe, including principal, interest, and costs because the judgment was void.

57.     Alternatively, Defendant Grimm collected and attempted to collect money from Plaintiffs above and beyond any amounts legitimately owed, as compound judgment interest is not permitted in Washington.

58.     In addition, Defendant Grimm represented contradictory amounts, both in its pair of garnishments and in its attachments to its December 28, 2023 letter, and both amounts cannot simultaneously be accurate.  Therefore, at least one of those amounts exceeds which would otherwise be lawfully owed.

59.     Defendant therefore violated RCW 19.16.250(21).

Complaint - 11

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

## Count 4 – Consumer Protection Act Claim as to Landmark

60.     Defendant Landmark engaged in unfair and/or deceptive acts and/or practices with respect to Plaintiffs, who were at all relevant times Washington residents, as evidenced by the following (which is a nonexclusive list):

    a.  Initiating a lawsuit across the country (in Wisconsin) against Ms. Yanny while having actual knowledge that Ms. Yanny resided in Washington State;

    b.  Exclusively "attempting" to serve Ms. Yanny with said lawsuit by using her obviously-invalid former Wisconsin address;

    c.  Using the ill-gotten default judgment in Wisconsin to pusue Ms. Yanny and her husband in Washington State;

    d.  Retaining an agent (Grimm) to collect money from Plaintiffs via wage garnishments and to compound interest which is not allowed in Washington.

61.     Collecting debts, whether as a debt collector or otherwise, is a matter which affects the public interest. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009).

62.     It is axiomatic that crossing state lines to collect money is part and parcel of "trade or commerce." *See id.*

63.     Landmark's actions caused the injuries to business or property suffered by Plaintiffs, which included money taken via garnishments, resources expended in researching the origin of the garnishments (such as obtaining court records), resources expended in seeking and retaining counsel to determine their legal rights and obligations, and other out-of-pocket amounts incurred in connection with these events.

64.     Therefore, Defendant Landmark is liable under the Consumer Protection Act, RCW Chapter 19.86.

Complaint - 12

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1

## Count 5 – Injunctive Relief

2     65.     A plaintiff may seek injunctive relief for violations of the Consumer Protection

3   Act.  RCW 19.86.090.

4     66.     Plaintiffs do seek injunctive relief from this Court which would enjoin Defendant

5   from collecting debts in the manner described above from both Plaintiff and any other person

6   similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

7     67.     Specifically, Plaintiffs seek an injunction prohibiting Defendant from pursuing

8   void judgments, from charging impermissible compound interest on judgments, and other tactics.

9     68.     Plaintiffs have reason to believe these actions make up a pattern and practice of

10   behavior and have impacted other individuals similarly situated.

11     69.     Injunctive relief is necessary to prevent further injury to Plaintiffs and to the

12   Washington public as a whole.

13     70.     Injunctive relief should therefore issue as described herein.

14                           IV.  **PRAYER FOR RELIEF**

15          WHEREFORE, Plaintiffs pray:

16     1.     For Judgment against Defendants for actual damages.

17     2.     For statutory damages of $1,000.00 for FDCPA violations, per Plaintiff.

18     3.     For statutory damages of $7,500.00 per violation for Washington Collection

19   Agency Act and Consumer Protection Act violations, per collection agency Defendant.

20     4.     For treble damages, pursuant to RCW 19.86.090, calculated from the damages

21   determined by the court.

22     5.     For costs and reasonable attorney's fees as determined by the Court pursuant to

23   15 U.S.C. 1692k(a)(3) and other applicable law.

Complaint - 13

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

6.      For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 19th day of January, 2024.

                         **ANDERSON SANTIAGO, PLLC**

                         By:
                         Jason D. Anderson, WSBA No. 38014
                         T. Tyler Santiago, WSBA No. 46004
                         Attorneys for Plaintiff
                         207B Sunset Blvd. N.
                         Renton, WA 98057
                         (206) 395-2665
                         (206) 395-2719 (fax)

Complaint - 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

23-2-05125-0   57846955   NTFFJ   03-02-23

FILED
IN COUNTY CLERK'S OFFICE

MAR 02 2023

PIERCE COUNTY, WASHINGTON
CONSTANCE R. WHITE, County Clerk
BY _____ DEPUTY

IN THE SUPERIOR COURT,
COUNTY OF PIERCE, STATE OF WASHINGTON

| | |
|---|---|
| LANDMARK CREDIT UNION<br>STARK COLLECTION AGENCY,<br>             Plaintiff,<br><br>v.<br><br>JESSICA M YANNY<br><br>             Defendants. | NO.   23 2 05125 0<br><br>DECLARATION OF FILING OF<br>FOREIGN JUDGMENT |

MICHAEL S. O'MEARA, under the penalty of perjury under the laws of the State of

Washington declares and states as follows:

I am the attorney for the Judgment Creditor Herein.

The name and last known postal address of the judgment debtor is:

      JESSICA M YANNY
      8716 27th ST CT W
      UNIVERSITY PLACE WA 98466

The judgment Creditor is:
      LANDMARK CREDIT UNION
      STARK COLLECTION AGENCY

In the originating jurisdiction, the judgment was filed on October 30th 2017 and expires on

October 30th 2027. Post-judgment interest in the originating jurisdiction is 5.25% per annum.

- DECLARATION OF MAILING -
- Page 1 of 2-

GRIMM COLLECTIONS
1677 2ND AVE SW
TUMWATER WA 98511
360-292-4255



Attached hereto are copies of WIS STAT § 814.04 regarding the post-judgment interest rate and WIS STAT. § 893.40 regarding the statute of limitations.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 18th day of January, 2023, at OLYMPIA, Washington

Michael O'Meara – WSBA No. 41502
Attorney for the Plaintiff

- DECLARATION OF MAILING -
- Page 2 of 2-

**GRIMM COLLECTIONS**
1677 2ND AVE SW
TUMWATER WA 98511
360-292-4255

## _Wis. Stat. § 893.40_

This document is current through the 2021-2022 Legislative Session.

*LexisNexis® Wisconsin Annotated Statutes > Provisions Common to Actions and Proceedings in All Courts (Chs. 885 — 895) > Chapter 893. Limitations of Commencement of Actions and Proceedings; Procedure for Claims Against Governmental Units (Subchs. I — IX) > Subchapter IV Actions Relating to Contracts and Court Judgments (§§ 893.40 — 893.50)*

## 893.40. Action on judgment or decree; court of record.

Except as provided in ss. 846.04 (2) and (3) and 893.415, action upon a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred.

## History

1979 c. 323; 1997 a. 27; 2003 a. 287.

Annotations

## Notes to Decisions

Civil Procedure: Pleading & Practice: General Overview

Civil Procedure: Judgments: Entry of Judgments: Enforcement & Execution

Civil Procedure: Judgments: Entry of Judgments: Enforcement & Execution: General Overview

Commercial Law (UCC): Negotiable Instruments (Article 3): Enforcement: General Overview

Contracts Law: Remedies: Equitable Relief: General Overview

Contracts Law: Types of Contracts: Guaranty Contracts

Criminal Law & Procedure: Sentencing: Corrections, Modifications & Reductions: Clerical Errors

Criminal Law & Procedure: Sentencing: Corrections, Modifications & Reductions: Time Limitations

Family Law: Child Support: Obligations: Enforcement: General Overview

Family Law: Marital Termination & Spousal Support: Dissolution & Divorce: Property Distribution: Enforcement: General Overview

Family Law: Marital Termination & Spousal Support: Dissolution & Divorce: Property Distribution: Property Settlements

Governments: Legislation: Statutes of Limitations: General Overview

Governments: Legislation: Statutes of Limitations: Time Limitations

Michael OMEARA

### *Wis. Stat. § 814.04*

This document is current through the 2021-2022 Legislative Session.

*LexisNexis® Wisconsin Annotated Statutes  >  Civil Procedure (Chs. 801 — 847)  >  Chapter 814. Court Costs, Fees, and Surcharges (Subchs. I — III)  >  Subchapter I Costs in Civil Actions and Special Proceedings (§§ 814.01 — 814.52)*

## 814.04. Items of costs.

Except as provided in *ss. 93.20, 100.195 (5m) (b), 100.30 (5m), 106.50 (6) (i)* and (6m) (a), 115.80 (9), 767.553 (4) (d), 769.313, 802.05, 814.245, 895.035 (4), 895.044, 895.443 (3), 895.444 (2), 895.445 (3), 895.446 (3), 895.506, 943.212 (2) (b), 943.245 (2) (d), 943.51 (2) (b), and 995.10 (3), when allowed costs shall be as follows:

**(1) Attorney fees.**

(a)  When the amount recovered or the value of the property involved is greater than the maximum amount specified in *s. 799.01 (1) (d)*, attorney fees shall be $500; when it is equal to or less than the maximum amount specified in *s. 799.01 (1) (d)*, but is $1,000 or more, attorney fees shall be $300; when it is less than $1,000, attorney fees shall be $100. In all other cases in which there is no amount recovered or that do not involve property, attorney fees shall be $300.

(c)  No attorney fees may be taxed on behalf of any party unless the party appears by an attorney other than himself or herself.

**(2) Disbursements.**  All the necessary disbursements and fees allowed by law; the compensation of referees; a reasonable disbursement for the service of process or other papers in an action when the same are served by a person authorized by law other than an officer, but the item may not exceed the authorized sheriff's fee for the same service; amounts actually paid out for certified and other copies of papers and records in any public office; postage, photocopying, telephoning, electronic communications, facsimile transmissions, and express or overnight delivery; the electronic filing fee prescribed in *s. 801.18 (7) (c)*; depositions including copies; plats and photographs, not exceeding $100 for each item; an expert witness fee not exceeding $300 for each expert who testifies, exclusive of the standard witness fee and mileage which shall also be taxed for each expert; and in actions relating to or affecting the title to lands, the cost of procuring an abstract of title to the lands. Guardian ad litem fees shall not be taxed as a cost or disbursement.

**(4) Interest on verdict.**  Except as provided in *s. 807.01 (4)*, if the judgment is for the recovery of money, interest at an annual rate equal to 1 percent plus the prime rate in effect on January 1 of the year in which the judgment is entered if the judgment is entered on or before June 30 of that year or in effect on July 1 of the year in which the judgment is entered if the judgment is entered after June 30 of that year, as reported by the federal reserve board in federal reserve statistical release H. 15, on the amount of the money judgment from the time of verdict, decision, or report until judgment is entered shall be computed by the clerk and added to the costs.

**(6) Judgment by default.**  If the judgment is by default or upon voluntary dismissal by the adverse party the costs taxed under sub. (1) shall be one-half what they would have been had the matter been contested.

**(7) Judgment offer not accepted.**  If the offer of judgment pursuant to *s. 807.01* is not accepted and the plaintiff fails to recover a more favorable judgment the plaintiff shall not recover costs but the defendant shall have full costs to be computed on the demand of the complaint.

Michael OMEARA

Wis. Stat. § 814.04

(8) Actions for municipal corporations.   In all actions brought for the benefit of any county, town, village, city or other municipal corporation of this state by a citizen taxpayer, the plaintiff shall be entitled to recover for the plaintiff's own use, in case the plaintiff shall prevail, the taxable costs of such action and such part of the recovery as the court considers reasonable, as attorney fees, not to exceed 20 percent of such recovery, and not to exceed $500.

## History

Sup. Ct. Order, 50 Wis. 2d vii (1971); 1971 c. 141; *Sup. Ct. Order, 67 Wis. 2d 585, 761, 780* (1975); Stats. 1975 s. 814.04; 1977 c. 209; 1979 c. 110 s. 60 (13); 1979 c. 271, 355; 1981 c. 123, 317; 1985 a. 52, 311; *1987 a. 348*; 1991 a. 39, *65*, *189*, *295*; *1993 a. 98*, *326*, *486*, *490*, *491*; *1995 a. 24*, 27, *133*, *149*, *262*, *417*; *1997 a. 55*, *164*, *254*; *1999 a. 32*, *82*, *122*, *190*; *2001 a. 6*, 16; *2003 a. 138*; *Sup. Ct. Order No. 03-06A, 2005 WI 86, 280 Wis.* 2d xiii; *2005 a. 155*, *325*; *2005 a. 443 s. 265*; *2005 a. 458*; *2007 a. 96*; *2009 a. 20*; *2011 a. 2*, *69*, *118*, *219*; *2013 a. 165*; *Sup. Ct. Order No. 20-07, 2021 WI 37, filed 4-23-2021*, eff. 7-1-21.

Annotations

## Notes

#### Amendment Notes

The 2021 amendment by SCO 20-07, effective July 1, 2021, added "the electronic filing fee prescribed in s. 801.18 (7) (c)" in the first sentence of (2).

## Notes to Decisions

**Antitrust & Trade Law: Consumer Protection: Deceptive Acts & Practices: State Regulation**

**Antitrust & Trade Law: Consumer Protection: False Advertising: General Overview**

**Antitrust & Trade Law: Consumer Protection: Vehicle Warranties: Lemon Laws**

**Banking Law: National Banks: Interest & Usury: General Overview**

**Business & Corporate Law: Distributorships & Franchises: Remedies: Costs & Attorney Fees**

**Civil Procedure: Equity: General Overview**

**Civil Procedure: Venue: Motions to Transfer: General Overview**

**Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings: General Overview**

**Civil Procedure: Pleading & Practice: Pleadings: Cross-Claims: General Overview**

**Civil Procedure: Parties: Joinder: Necessary Parties**

**Civil Procedure: Parties: Self-Representation: General Overview**

**Civil Procedure: Judicial Officers: Judges: Discretion**

**Civil Procedure: Discovery: Methods: Oral Depositions**

Michael OMEARA

FILED

PIERCE COUNTY SUPERIOR COURT
CONSTANCE R. WHITE
CLERK OF THE SUPERIOR COURT
TACOMA WA

23-2-05125-0

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 03/02/2023 | 03/02/2023 | 09:05 AM |

Receipt/Item #     Tran-Code    Docket-Code
2023-05-00764/01    1100         $FFR
Cashier: KSS

Paid By: GRIMM COLLECTIONS, INC
Transaction Amount:          $240.00

1

2                        FILED
              IN COUNTY CLERK'S OFFICE
3

4                    MAR 02 2023

5             PIERCE COUNTY, WASHINGTON
             CONSTANCE R. WHITE, County Clerk
6             BY_____ DEPUTY

7

8             IN THE SUPERIOR COUNTY COURT,
            COUNTY OF PIERCE, STATE OF WASHINGTON
9

10   LANDMARK CREDIT UNION
     STARK COLLECTION AGENCY            NO.   23 2 05125 0
              Plaintiff,
11
        v.                              FOREIGN JUDGMENT
12   JESSICA M YANNY

13           Defendants.

14                      JUDGMENT SUMMARY

15       Judgment Debtor(s): JESSICA M YANNY
         Judgment Creditor: LANDMARK CREDIT UNION
         STARK COLLECTION AGENCY
16       Attorney for Grimm Collections: Michael O'Meara
         Judgment Principal:                     $    13416.81
17       Interest of 5.25% from 10/30/2017-01/18/2023:   $     3678.23
         Filing Fee:                             $      240.00
18       Stat/Reasonable Attorney Fees:          $      200.00
         Less Payments:                          $        0.00
19       **TOTAL JUDGMENT as of 01/19/2023**      **$    17535.04**
         (Judgment to bear interest at 5.25% per Annum)
20

21       Foreign Judgment is from the Jurisdiction of:   Milwaukee
         Foreign Judgment Entered on:            10/30/2017
         Under Cause No.:                        17-CV-005510
22

23       TO THE CLERK OF COURT:

ORDER OF DEFAULT AND DEFAULT JUDGMENT -      GRIMM COLLECTIONS
- Page 1 of 2-                               1677 2ND AVE SW
                                             TUMWATER WA 98512
                                             360-292-4255



Pursuant to RCW 6.36.025 & .035, you are requested to file the attached exemplified copy of the above-described foreign judgment in the office of the Clerk of the above-entitled Court

Dated this 19th day of January 2023

Presented by:

MICHAEL O'MEARA /WSBA 41502
Attorney for the plaintiff

ORDER OF DEFAULT AND DEFAULT JUDGMENT -
- Page 2 of 2-

**GRIMM COLLECTIONS**
1677 2ND AVE SW
TUMWATER WA 98512
360-292-4255

FILED
10-20-2017
John Barrett
Clerk of Circuit Court
2017CV005510

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

LANDMARK CREDIT UNION,

                Plaintiff,        **ORDER FOR JUDGMENT**

v.                                        Case No:  17-CV-005510

JESSICA M. YANNY,

                Defendant.

---

    The plaintiff having filed the Complaint, on an express contract for recovery of a liquidated amount of money, and proof of service of the Summons on the defendant; and

    It appearing that no issue of law or fact has been joined and the time for joining issue has expired, and that the defendant is in default;

    IT IS ORDERED, that plaintiff have judgment against the defendant, in default for the sum of $12,602.81, all according to the demand of the Complaint, and that the clerk sign and enter judgment, plus statutory court costs and attorney's fees.

    Dated this 16th day of October, 2017

                BY THE COURT:

                Electronically signed by Stephanie G. Rothstein
                Circuit Court Judge

FILED
09-27-2017
John Barrett
Clerk of Circuit Court
2017CV005510

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

LANDMARK CREDIT UNION,

|                        | Plaintiff, | **JUDGMENT** |
| :--- | :--- | :--- |
| v. | | Case No: 17-CV-005510   OCT 3 0 2017 |
| JESSICA M. YANNY, | | **$5.00 JUDGMENT FEE PAID** |
| | Defendant. | |

Judgment having been ordered by the Court against the defendant who is in default,

IT IS ADJUDGED that plaintiff, Landmark Credit Union, a state chartered credit union, engaged in the lending business at 5445 S Westridge Drive, New Berlin, WI 53151, recover of the defendant, Jessica M. Yanny, residing at 11281 W Talon Circle, Greenfield, WI 53228.

|  | The sum ordered by the Court |  | $12,602.81 |
| :--- | :--- | :--- | :--- |
| with | a) | Filing Fee................... $269.00 | |
| | b) | Service Fee............. $ 80.00 | |
| | c) | Attorney's Fee............ $250.00 | |
| | d) | Publication Fee......... $195.00 | |
| | e) | Electronic Filing Fee... $ 20.00 | |

Costs and disbursements taxed at                $  814.00
Judgment entered for the sum of                $13,416.81

OCT 3 0 2017

Judgment entered this ___ day of ~~OCT 3 0 2017~~ _____, 2017, and docketed this _____ day of _____, 2017.

CLERK OF CIRCUIT COURT

FILED
O   OCT 3 0 2017   O
JOHN BARRETT
Clerk of Circuit Court

By: _Majrew WTorden_
      Judgment Clerk

**THIS IS A FINAL ORDER/JUDGMENT FOR PURPOSES OF APPEAL**

STATE OF WISCONSIN    ss
COUNTY OF MILWAUKEE

EXEMPLIFICATION AUTHENTICATION, TRANSCRIPT
*FROM, OR PHOTOGRAPH OF ORIGINAL*

CASE NO. 17CV005510

Title: Landmark Credit Union V. Jessica M. Yanny

I, Clerk of Circuit Court of Milwaukee County hereby certify that I have compared the annexed material with the original _____ Judgment _____ of which I am the legal custodian, and that the annexed material is a true copy of said original, or correct transcript from said original, or photograph of said original.

WITNESS my signature and official seal this 26th day of July A.D., 20 22 .

_____
*Clerk of Circuit Court*

STATE OF WISCONSIN    ss
COUNTY OF MILWAUKEE

I, Hon. Mary E. Triggiano, Circuit Judge of the First Judicial District of the State of Wisconsin, and presiding Judge of the Circuit Court for Milwaukee County, in the First Judicial District, do hereby certify, that the foregoing attestation of George L. Christenson, Clerk of said Court, is in due form; that the said George L. Christenson is the Clerk of Circuit Court, duly qualified, and acting as such; that I am well acquainted with his handwriting, and that his signature to said attestation is genuine.

WITNESS my hand, at Milwaukee, Wisconsin
this 26th day of July A.D., 20 22 .

_____
*Circuit Judge of the First Judicial District of Wisconsin and*
*Presiding Judge of the Circuit Court for Milwaukee County*

STATE OF WISCONSIN    ss
COUNTY OF MILWAUKEE

I, George L. Christenson, Clerk of Circuit Court of Wisconsin, for Milwaukee County, in the First Judicial District do hereby certify, that the Honorable Mary E. Triggiano, is Circuit Judge of said District, and Presiding Judge of said Circuit Court, duly elected and qualified and acting as such; that I am well acquainted with his/her handwriting, and that his/her signature to the foregoing certificate is genuine.

WITNESS my hand, and Seal of said Court, at the city of

Milwaukee, in said county and state.

this 26th day of Jul A.D., 20 22 .

_____
*Clerk of Circuit Court*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 15 2023 4:19 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 23-2-05125-0

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| GRIMM COLLECTIONS　　　　Assignee | NO. 23-2-05125-0 |
| LANDMARK CREDIT UNION<br>STARK COLLECTION AGENCY<br>　　　　　　　　　　　　Plaintiff, | APPLICATION FOR WRIT<br>OF GARNISHMENT |
| vs.<br>JESSICA M YANNY<br>　　　　　　　　　　Defendant(s), | (APL) |
| SWEDISH SHARED SERVICES<br>　　　　　　　　　　Garnishee. | |

### I. APPLICATION

1.1  Plaintiff has a judgment wholly or partially unsatisfied, against the defendant, in the court from which the writ is being sought.

1.2  The amount alleged to be due is the balance of the judgment or amount of claim, $16,890.33, plus interest and estimated garnishment costs as indicated in the writ.

1.3  Plaintiff has reason to believe, and does believe, that SWEDISH SHARED SERVICES,　　Garnishee whose residence and/or business location is 747 BROADWAY SEATTLE WA 98122 is:

　　[X ]  indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law; or

　　[  ]  the garnishee has possession or control of personal property or effects belonging to the defendant which are not exempted from garnishment by any state or federal law.

1.4  The garnishee [X ] is [ ] is not the employer of the defendant.

### II. CERTIFICATION

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated 06/15/2023, at OLYMPIA, Washington.

　　　　　　　　　　　　　　　　　　　Heather Sweet　　Legal Clerk

*APPL FOR WRIT OF GARNISHMENT (APL) - Page 1 of 1*
*WPF GARN 01.0100 (8/2000) - RCW 6.27.060*

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 27 2023 2:22 PM

CONSTANCE R. WHITE
COUNTY CLERK

# SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

| | | |
|---|---|---|
| LANDMARK CREDIT UNION | | No. 23-2-05125-0 |
| | Plaintiff | |
| vs. | | **WRIT OF GARNISHMENT (DEBTS OTHER THAN EARNINGS--AFTER JUDGMENT) (WRG or $WRG)** |
| JESSICA M YANNY | Defendant | |
| GRIMM COLLECTIONS | | This garnishment is based on a judgment or order for consumer debt. |
| | Assignee | |

THE STATE OF WASHINGTON TO:  SWEDISH SHARED SERVICES
AND TO: JESSICA M YANNY, Judgment Debtor

The Judgment Creditor in this action has applied for a Writ of Garnishment against you, claiming that the above-named Judgment Debtor is indebted to Judgment Creditor and that the amount to be held to satisfy the indebtedness is $17,706.81 consisting of:

| | | | |
|---|---|---|---|
| Balance of Judgment: | | $ | 16,890.33 |
| Interest under Judgment from 10/26/22 to 03/14/2023 | | $ | 300.79 |
| Additional Interest from 03/15/2023 to 05/15/2023 | | $ | 151.80 |
| Taxable Costs and Attorney's Fees | | $ | .00 |
| Estimated Garnishment Costs: | | | |
|     Filing Fee: | $ | 20.00 | |
|     Ex Parte Fee: | $ | 30.00 | |
|     Service and Affidavit Fees: | $ | 6.70 | |
|     Postage and Costs of Certified Mail: | $ | 7.19 | |
|     Answer Fee or Fees: | $ | .00 | |
|     Garnishment Attorney Fees: | $ | 300.00 | |
|     Other: | $ | .00 | |
|     Total estimated garnishment costs: | | $ | 363.89 |
| Total: | | $ | 17,706.81 |
| Plus Per Day Rate of Estimated Interest: | $ | 2.53 | Per day |

Writ of Garnishment
llnxcrt/sup.Clk/Writs/wrg.rptdesign

1 of 2

The O'Meara Law Office, P.S.
1802 Virginia Ave
EVERETT, WA 98201 1704
(425) 263-1732

YOU ARE COMMANDED, unless otherwise directed by the court, by the attorney of record for the Judgment Creditor, or by this writ, not to pay any debt, other than earnings, owed to the Judgment Debtor at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the Judgment Debtor in your possession or control at the time when this writ was served. Any such payment delivery, sale, or transfer is void to the extent necessary to satisfy the Judgment Creditor's claim and costs for this writ with interest.

YOU ARE ALSO COMMANDED to answer this writ according to the instructions in this writ and in the answer forms and, within 20 days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the Judgment Creditor or the Judgment Creditor's attorney, and one copy to the Judgment Debtor, at the addresses listed at the bottom of this writ.

If you owe the Judgment Debtor a debt payable in money in excess of the amount set forth in the first paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee if one is charged and release all additional funds or property to Judgment Debtor.

IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE JUDGMENT CREDITOR'S CLAIM AGAINST THE JUDGMENT DEBTOR WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE JUDGMENT DEBTOR.  IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

JUDGMENT MAY ALSO BE ENTERED AGAINST THE JUDGMENT DEBTOR FOR COSTS AND FEES INCURRED BY THE JUDGMENT CREDITOR.

Witness, the Honorable Timothy L. Ashcraft, Presiding Judge of the above-entitled Court, and the seal thereof, on June 27, 2023.


Electronically signed by:
/s/ Michael Shannon O'Meara

Attorney at Law
The O'Meara Law Office, P.S.
1602 Virginia Ave
EVERETT, WA 98201 1704
(425) 263-1732

JESSICA M YANNY
8716 27th ST CT W UNIVERSITY PLACE WA 98466

Clerk of the Court
Electronically Signed By:
/s/Melissa S Jaso
Pierce County Superior Court Clerk
930 Tacoma Ave S, Room 110
Tacoma, Wa  98402-2177

The O'Meara Law Office, P.S.
1602 Virginia Ave
EVERETT, WA 98201 1704
(425) 263-1732

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

September 06 2023 11:49 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 23-2-05125-0

633823

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| GRIMM COLLECTIONS<br>     Assignee, | ) No. 23-2-05125-0<br>) |
| LANDMARK CREDIT UNION<br>STARK COLLECTION AGENCY<br>     Plaintiff, | ) DECLARATION FOR WRIT<br>) FOR 60 DAY CONTINUING<br>) LIEN ON EARNINGS<br>) |
|      vs. | )<br>) |
| JESSICA M YANNY<br>     Defendant(s), | )<br>)<br>) |
| KINDRED HEALTHCARE INC<br>     Garnishee Defendant, | )<br>)<br>) |

THE UNDERSIGNED hereby declares, subject to penalty of perjury:

The plaintiff in this action has applied for a Writ of Garnishment claiming that the above-named defendant is indebted to plaintiff and that the amount to be held to satisfy the indebtedness is $18,179.63 consisting of:

| | | |
|---|---|---:|
| Balance of Judgment | | $ 17,535.04 |
| Interest under Judgment from 01/20/2023 to 08/14/2023 | | $ 280.70 |

Estimated Garnishment Costs:

| | | | |
|---|---:|---|---:|
| Filing Fee | $ 20.00 | | |
| Postage and Costs of Certified Mail | $ 6.70 | | |
| Service and Affidavit Fees | $ 7.19 | | |
| Garnishment Attorney Fees | $ 300.00 | | |
| Ex Parte Fee | $ 30.00 | | |

| | | | | |
|---|---|---|---|---:|
| Plus Per Day Rate of Estimated Interest | $ 2.62 | 60 Days of Estimated Interest | $ | 157.20 |

**TOTAL DUE INCLUDING ESTIMATED DAILY INTEREST:**          $   **18,336.83**

O'MEARA LAW OFFICE P.S
SATELLITE OFFICE
1677 S 2ND Avenue SW
Tumwater, WA 98512
(360) 292- 4255

The plaintiff has a judgment wholly or partially unsatisfied in the above-named court. The declarant has reason to believe, and does believe, that the garnishee named above, whose address is 680 S 4TH AVE LOUISVILLE, KY 40202 is indebted to the defendant(s) in amounts exceeding those exempted from garnishment by any state or federal law or that he has in his possession or under his control, personal property, wages or effects belonging to the defendant(s) which are not exempted from garnishment by any state or federal law. The garnishee is believed to be the employer of the defendant(s).

Dated: August 22, 2023

_____
Meagon Crawford
Legal Clerk

DECLARATION FOR WRIT OF GARNISHMENT

-2-

O'MEARA LAW OFFICE P.S
SATELLITE OFFICE
1677 S 2ND Avenue SW
Tumwater, WA 98512
(360) 292- 4255

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 04 2023 10:36 AM

CONSTANCE R. WHITE
COUNTY CLERK

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

| | | |
|---|---|---|
| LANDMARK CREDIT UNION | | No. 23-2-05125-0 |
| | Plaintiff | |
| vs. | | **WRIT OF GARNISHMENT (DEBTS OTHER THAN EARNINGS--AFTER JUDGMENT)** |
| JESSICA M YANNY | | **(WRG or $WRG)** |
| | Defendant | This garnishment is based on a judgment or order |
| GRIMM COLLECTIONS | | for consumer debt. |
| | Assignee | |

THE STATE OF WASHINGTON TO:  KINDRED HEALTHCARE INC
AND TO: JESSICA M YANNY, Judgment Debtor

The Judgment Creditor in this action has applied for a Writ of Garnishment against you, claiming that the above-named Judgment Debtor is indebted to Judgment Creditor and that the amount to be held to satisfy the indebtedness is $18,179.63 consisting of:

| | | | |
|---|---|---|---|
| Balance of Judgment: | | $ | 17,535.04 |
| Interest under Judgment from 01/20/2023 to 08/14/2023 | | $ | 280.70 |
| Additional Interest | | $ | .00 |
| Taxable Costs and Attorney's Fees | | $ | .00 |
| Estimated Garnishment Costs: | | | |
| Filing Fee: | $ 20.00 | | |
| Ex Parte Fee: | $ 30.00 | | |
| Service and Affidavit Fees: | $ 7.19 | | |
| Postage and Costs of Certified Mail: | $ 6.70 | | |
| Answer Fee or Fees: | $ .00 | | |
| Garnishment Attorney Fees: | $ 300.00 | | |
| Other: | $ .00 | | |
| Total estimated garnishment costs: | | $ | 363.89 |
| Total: | | $ | 18,179.63 |
| Plus Per Day Rate of Estimated Interest: | $ 2.62 | Per day | |

The O'Meara Law Office, P.S.
1602 Virginia Ave
Everett, WA 98201
(425) 263-1732

YOU ARE COMMANDED, unless otherwise directed by the court, by the attorney of record for the Judgment Creditor, or by this writ, not to pay any debt, other than earnings, owed to the Judgment Debtor at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the Judgment Debtor in your possession or control at the time when this writ was served. Any such payment delivery, sale, or transfer is void to the extent necessary to satisfy the Judgment Creditor's claim and costs for this writ with interest.

YOU ARE ALSO COMMANDED to answer this writ according to the instructions in this writ and in the answer forms and, within 20 days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the Judgment Creditor or the Judgment Creditor's attorney, and one copy to the Judgment Debtor, at the addresses listed at the bottom of this writ.

If you owe the Judgment Debtor a debt payable in money in excess of the amount set forth in the first paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee if one is charged and release all additional funds or property to Judgment Debtor.

IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE JUDGMENT CREDITOR'S CLAIM AGAINST THE JUDGMENT DEBTOR WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE JUDGMENT DEBTOR. IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

JUDGMENT MAY ALSO BE ENTERED AGAINST THE JUDGMENT DEBTOR FOR COSTS AND FEES INCURRED BY THE JUDGMENT CREDITOR.

Witness, the Honorable Timothy L. Ashcraft, Presiding Judge of the above-entitled Court, and the seal thereof, on October 4, 2023.

Electronically signed by:
/s/ Heather D Sweet

The O'Meara Law Office, P.S.
1602 Virginia Ave
Everett, WA 98201
(425) 263-1732

JESSICA M YANNY
8716 27TH ST CT W UNIVERSITY PLACE WA 98466

Clerk of the Court
Electronically Signed By:
/s/Michael Richardson
Pierce County Superior Court Clerk
930 Tacoma Ave S, Room 110
Tacoma, Wa  98402-2177

The O'Meara Law Office, P.S.
1602 Virginia Ave
Everett, WA 98201
(425) 263-1732

EXHIBIT C

GRIMM COLLECTIONS
1677 2ND AVE SW

TUMWATER WA, 98512
ACCOUNT ITEMIZATION                PHONE: (800) 594-8908          DEC 28, 2023   9:04

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


JESSICA MARIE YANNY
8716 27TH ST CT W

UNIVERSITY PLACE, WA 98466


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - <FOLD HERE>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


THE FOLLOWING IS AN ITEMIZATION OF YOUR ACCOUNTS AS OF DEC 28, 2023.
PLEASE RETAIN THIS COPY FOR YOUR RECORDS.  FOR YOUR CONVENIENCE WE HAVE
INCLUDED ALL INTEREST PAID LAST YEAR AND THIS CURRENT YEAR TO DATE.




N O T I C E   THE FEDERAL LAW REQUIRES WE INFORM YOU THAT THIS IS AN ATTEMPT
BY A DEBT COLLECTOR TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ITEMIZATION CONTINUED

SINGLE ACCOUNT: YANNY , JESSICA MARIE                DEC 28, 2023
                                                     DESK: L2
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
      ACCOUNT #:  633823   CLIENT DEBTOR #:   GARN FEES (ASSIGNED)
                                                     DESK: L2
OUR CLIENT NAME:    GRIMM COLL LEGAL CHARGES
FOR:                                        INTEREST AT: 5.25% FROM DATE OF JUDGMENT

DATE OF REFERRAL:03/14/23    DATE OF SERVICE: 03/14/23   DATE OF LAST PMT:

AMOUNT REFERRED:       $       0.00
PRINCIPAL BALANCE:     $       0.00
ACCUMULATED INTEREST:  $       0.00
OTHER CHARGES:         $       0.00
COURT COSTS:           $     303.89
ATTORNEY FEES:         $     300.00
OTHER:                 $       0.00
INTEREST:              $      29.85

ACCT BAL:              $     633.74


PAYMENT TRANSACTION HISTORY

| TYPE | DATE | PAYMENT AMOUNT | PAID ON PRINCIPAL | PAID ON INTEREST | PAID ON OTHER CHGS | PAID ON COURT COST | PAID ON ATTY FEES | PAID ON OTHER |
|------|------|----------------|-------------------|------------------|--------------------|--------------------|-------------------|---------------|
| | | | | *NO PAYMENTS THIS ACCOUNT* | | | | |
| GRAND TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

TOTAL DUE ON ALL ACCOUNTS            18521.48
TOTAL INTEREST PAID FOR 2022             0.00
TOTAL INTEREST PAID TO DATE FOR 2023     0.00

ITEMIZATION CONTINUED

SINGLE ACCOUNT: YANNY , JESSICA MARIE                    DEC 28, 2023
                                                        DESK: L2
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
      ACCOUNT #:  627538   CLIENT DEBTOR #:   C789613
                                                        DESK: L2

CUR CLIENT NAME:    THE STARK COLLECTION AGENCY
FOR:                JESSICA YANNY           INTEREST AT: 5.25% FROM DATE OF JUDGMENT

DATE OF REFERRAL:10/26/22   DATE OF SERVICE: 10/30/17   DATE OF LAST PMT:

AMOUNT REFERRED:        $   16890.33
PRINCIPAL BALANCE:      $   13416.81        DETAIL OF OTHER CHARGES
ACCUMULATED INTEREST:   $     162.40        - - - - - - - - - - - - - - - - - - - - - - -
OTHER CHARGES:          $    3473.52        FEES1            $       7.50
COURT COSTS:            $       0.00        FEES2            $       0.00
ATTORNEY FEES:          $       0.00        CREDITOR INTRST  $    3466.02
OTHER:                  $       0.00
INTEREST:               $     835.01

ACCT BAL:               $   17887.74

PAYMENT TRANSACTION HISTORY

| TYPE | DATE | PAYMENT AMOUNT | PAID ON PRINCIPAL | PAID ON INTEREST | PAID ON OTHER CHGS | PAID ON COURT COST | PAID ON ATTY FEES | PAID ON OTHER |
|---|---|---|---|---|---|---|---|---|

*NO PAYMENTS THIS ACCOUNT*

FILED
09-27-2017
John Barrett
Clerk of Circuit Court
2017CV005510

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

LANDMARK CREDIT UNION,

|                    | Plaintiff, | **JUDGMENT** |
|---|---|---|

v.                                    Case No:  17-CV-005510   OCT 3 0 2017

JESSICA M. YANNY,                    **$5.00 JUDGMENT FEE PAID**

                    Defendant.

Judgment having been ordered by the Court against the defendant who is in default.

IT IS ADJUDGED that plaintiff, Landmark Credit Union, a state chartered credit union, engaged in the lending business at 5445 S Westridge Drive, New Berlin, WI 53151, recover of the defendant, Jessica M. Yanny, residing at 11281 W Talon Circle, Greenfield, WI 53228.

| The sum ordered by the Court | | | $12,602.81 |
|---|---|---|---|
| with | a) | Filing Fee..................$269.00 | |
| | b) | Service Fee.............$ 80.00 | |
| | c) | Attorney's Fee............$250.00 | |
| | d) | Publication Fee.........$195.00 | |
| | e) | Electronic Filing Fee...$ 20.00 | |

| Costs and disbursements taxed at | $   814.00 |
|---|---|
| Judgment entered for the sum of | $13,416.81 |

Judgment  entered  this    OCT 3 0 2017    , 2017, and
docketed this _____ day of ___OCT 3 0 2017_____,2017.

CLERK OF CIRCUIT COURT

FILED
0    OCT 3 0 2017    0
JOHN BARRETT
Clerk of Circuit Court

By: _Marine W Worden_
Judgment Clerk

THIS IS A FINAL ORDER/JUDGMENT FOR PURPOSES OF APPEAL

FILED
10-20-2017
John Barrett
Clerk of Circuit Court
2017CV005510

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

LANDMARK CREDIT UNION,

                    Plaintiff,          **ORDER FOR JUDGMENT**

v.                                      Case No:  17-CV-005510

JESSICA M. YANNY,

                    Defendant.

---

The plaintiff having filed the Complaint, on an express contract for recovery of a liquidated amount of money, and proof of service of the Summons on the defendant; and

It appearing that no issue of law or fact has been joined and the time for joining issue has expired, and that the defendant is in default;

IT IS ORDERED, that plaintiff have judgment against the defendant, in default for the sum of $12,602.81, all according to the demand of the Complaint, and that the clerk sign and enter judgment, plus statutory court costs and attorney's fees.

Dated this 16th day of October, 2017

**BY THE COURT:**

Electronically signed by Stephanie G. Rothstein
Circuit Court Judge

STATE OF WISCONSIN    ss
COUNTY OF MILWAUKEE

**EXEMPLIFICATION AUTHENTIFICATION,TRANSCRIPT**
*FROM, OR PHOTOGRAPH OF ORIGINAL*

CASE NO. 17CV005510

Title: Landmark Credit Union V. Jessica M. Yanny

I, Clerk of Circuit Court of Milwaukee County hereby certify that I have compared the annexed material with the original
Judgment _____ of which I am the legal custodian,
and that the annexed material is a true copy of said original, or correct transcript from said original, or photograph of said original.
WITNESS my signature and official seal this 26th day of July _____ A.D., 20 22 .

_____
Clerk of Circuit Court

STATE OF WISCONSIN    ss
COUNTY OF MILWAUKEE

I, Hon. Mary E. Triggiano, Circuit Judge of the First Judicial District of the State of Wisconsin, and presiding Judge of
the Circuit Court for Milwaukee County, in the First Judicial District, do hereby certify, that the foregoing attestation of George L.
Christenson, Clerk of said Court, is in due form; that the said George L. Christenson is the Clerk of Circuit Court, duly qualified, and
acting as such; that I am well acquainted with his handwriting; and that his signature to said attestation is genuine.

WITNESS my hand, at Milwaukee, Wisconsin
this 26th day of July _____ A.D., 20 22 .

_____
Circuit Judge of the First Judicial District of Wisconsin and
Presiding Judge of the Circuit Court for Milwaukee County

STATE OF WISCONSIN    ss
COUNTY OF MILWAUKEE

I, George L. Christenson, Clerk of Circuit Court of Wisconsin, for Milwaukee County, in the First Judicial District do hereby
certify, that the Honorable Mary E. Triggiano, is Circuit Judge of said District, and Presiding Judge of said Circuit Court,
duly elected and qualified and acting as such, that I am well acquainted with his/her handwriting, and that his/her signature
to the foregoing certificate is genuine.

WITNESS my hand, and Seal of said Court, at the city of
Milwaukee, in said county and state.
this 26th day of Jul _____ A.D., 20 22 .

_____
Clerk of Circuit Court

2707 R3